IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| ALFRED STARLING, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | CIVIL NO. 4:22-CV-00079-CDL-CHW |
| | : | |
| U.S. MAGISTRATE STEPHEN HYLES, | : | |
| | : | |
| Respondent. | : | |
| _____ | | |

## ORDER

Presently pending before the Court is the *pro se* petition for writ of mandamus filed by Petitioner Alfred Starling, an inmate presently confined at the Valdosta State Prison in Valdosta, Georgia (ECF No. 1). Petitioner has also filed a motion for leave to proceed *in forma pauperis* in this action (ECF No. 2). For the reasons discussed below, Petitioner's Petition is **DISMISSED without prejudice,** and his motion for leave to proceed *in forma pauperis* is **GRANTED** for purposes of this dismissal only.

**PRELIMINARY SCREENING OF PETITIONER'S PETITION**

**I.     Standard of Review**

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in*

*part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Hughes*, 350 F.3d at 1160 (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'" *Id.* (citation omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'" *Twombly*, 550 U.S. at 555 (citation omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## II.     Factual Allegations and Petitioner's Claims

Petitioner moves the Court for issuance of a writ of mandamus pursuant to 28

U.S.C. § 1361.  Pet. 1, ECF No. 1.  In his Petition, Petitioner contends that Magistrate Judge Hyles has failed to promptly resolve Petitioner's separate pending habeas corpus petition because he granted the respondent in the habeas action an additional 60 days to respond to the petition without any motion or request from respondent.  *Id.* at 2; *see also Starling v. Myers*, 4:22-cv-00030-CDL-MSH (M.D. Ga. Feb. 2, 2022) ("*Starling I*").  Petitioner thus requests an order directing Judge Hyles to decide the habeas petition in *Starling I* without waiting on an answer from the respondent.  Pet. 3, ECF No. 1.

"Under 28 U.S.C. § 1361, otherwise known as the Mandamus Act, the district court has original jurisdiction over a mandamus action 'to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.'" *Cash v. Barnhart*, 327 F.3d 1252, 1257 (11th Cir. 2003) (per curiam) (quoting 28 U.S.C. § 1361).  Mandamus is, however, "an extraordinary remedy which should be utilized only in the clearest and most compelling of cases."  *Id.*  (internal quotation marks omitted).  Mandamus should only issue when "(1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy [is] available."  *Id.* at 1258 (internal quotation marks omitted) (alteration in original).

As an initial matter, this Court does not have the jurisdiction to grant the relief requested by Petitioner.  As noted above, § 1361 provides the Court with jurisdiction to issue an order compelling an officer or employee of "any agency" of the United States to perform a duty owed to Petitioner.  Jurisdiction in this case would thus exist only if this Court could be considered an "agency" of which Magistrate Judge Hyles is an officer or employee.  Federal courts have concluded, however, that they are not "agencies" within

3

the meaning of § 1361, and therefore § 1361 "does not apply to courts or to court clerks performing judicial functions." *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1246-47 (10th Cir. 2007) (holding that the definition of "agency" in § 1361 "does not encompass the Supreme Court"); *Clemmons v. U.S. Dist. Court.*, Case No. 1:22-cv-290, 2022 WL 1301820, at *4 (W.D. Mich. May 2, 2022) (relying on *Trackwell* to dismiss mandamus petition filed pursuant to § 1361 because lower federal courts are not "agencies" within the meaning of § 1361); *see also Liberation News Svc. v. Eastland*, 426 F.2d 1379, 1384 (2d Cir. 1970) (finding that legislative history demonstrates that "in enacting §§ 1361 and 1391(e)," the venue provision enacted in conjunction with § 1361, "Congress was thinking solely in terms of the executive branch"); *cf. Duplantier v. United States*, 606 F.2d 654, 664 (5th Cir. 1979) (relying on *Eastland* for the proposition that § 1391(e) applied only to executive branch of the government and thus would not apply to judge and judicial ethics committee).[1]  This Court therefore lacks jurisdiction to entertain Petitioner's request for relief under § 1361.

Moreover, even if this Court found some other jurisdictional basis for Petitioner's request for mandamus, Petitioner has not demonstrated that he has a clear right to the relief requested.  Nothing in Petitioner's pleading suggests that Judge Hyles has allowed *Starling I* to languish or that he lacked the authority to extend the time for compliance. Respondent's counsel have now entered their appearances (ECF Nos. 9, 10), and there is no indication that there will be further delays in resolving the case.  Any delay Petitioner

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

has experienced to this point is simply not unreasonable. *Cf., e.g., In re Williams*, 408 F. App'x 561, 561 (3d Cir. 2010) (holding that a delay of "only a few months" after petitioner filed habeas petition did not constitute such undue delay as to warrant mandamus relief); *MacKenzie v. California Attorney Gen.*, CV12-00432, 2013 WL 3872114, at *3 (C.D. Cal. Mar. 12, 2013) (collecting cases demonstrating that "delays of four months or more in ruling on a ripe habeas petition—and a full year in at least one case—did not rise to the level necessary to trigger the extraordinary remedy of mandamus"). Petitioner has therefore failed to meet his burden of showing that the "extraordinary remedy" of mandamus is clearly warranted in this case, and his Petition is accordingly subject to dismissal.

### III. Conclusion

For the foregoing reasons, Petitioner's petition for mandamus relief under 28 U.S.C. § 1361 (ECF No. 1) is **DISMISSED without prejudice**. Petitioner's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED** for purposes of this dismissal only**.**

**SO ORDERED**, this **24th** day of **May, 2022**.

      S/Clay D. Land\
      CLAY D. LAND\
      U.S. DISTRICT COURT JUDGE\
      MIDDLE DISTRICT OF GEORGIA