IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| ALFRED STARLING, | : |
| Petitioner, | : |
| VS. | : CIVIL NO. 4:22-CV-00079-CDL-CHW |
| U.S. MAGISTRATE STEPHEN HYLES, | : |
| Respondent. | : |

**ORDER**

Presently pending before the Court is a motion filed by Petitioner Alfred Starling, an inmate presently confined at the Valdosta State Prison in Valdosta, Georgia, seeking reconsideration of the Court's May 24, 2022 Order dismissing Petitioner's petition for writ of mandamus. In light of the Court's duty to liberally construe *pro se* pleadings, and because Petitioner filed his motion within 28 days of the entry of final judgment, the Court will construe this motion as one to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997) (per curiam) (construing a post-judgment motion for reconsideration as a Rule 59 motion to alter or amend the judgment).

"'The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact.'" *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam) (alteration in original) (quoting *In re Kellogg*, 197 F.3d 116, 119 (11th Cir. 1999)). Such motions cannot be used "'to relitigate old matters, raise argument or present

evidence that could have been raised prior to the entry of judgment.'" *Id.* (quoting *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)); *accord Mays*, 122 F.3d at 46 ("[W]here a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion.").

In this case, Petitioner first alleges that the Court erred in dismissing his Petition pursuant to 28 U.S.C. § 1915A without providing him notice and an opportunity to respond. Mot. Recons. 4, ECF No. 6. Contrary to Petitioner's assertions, "[d]ue process does not always require notice and an opportunity to be heard before dismissal[.]" *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). 28 U.S.C. § 1915A permits dismissal of a prisoner's complaint "'as soon as practicable after docketing'" on the basis of the complaint "and without the consideration of additional arguments." *Wells v. Att'y Gen., Fla.*, 470 F. App'x 754, 756 (11th Cir. 2012) (per curiam). Thus, a *sua sponte* dismissal under § 1915A does not offend due process. *See id.* (affirming *sua sponte* dismissal of prisoner's complaint pursuant to § 1915A despite plaintiff's argument that he did not have adequate time to argue his claims or an evidentiary hearing).

Petitioner also contends that 28 U.S.C. § 1361 provides the Court with jurisdiction to order Magistrate Judge Hyles to take some action with respect to Petitioner's pending habeas corpus case. Mot. Recons. 5, ECF No. 6. As the Court already explained to Petitioner, however, § 1361 "does not apply to courts or to court clerks performing judicial functions." *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1246-47 (10th Cir. 2007). And as also explained to Petitioner, even if the Court did have jurisdiction to entertain Petitioner's

2

claims, Petitioner has not demonstrated that Petitioner has a clear right to the relief requested.

In sum, Petitioner has failed to provide the Court with an adequate basis for altering or amending the judgment in this action pursuant to Federal Rule of Civil Procedure 59(e). Petitioner's motion (ECF No. 6) is therefore **DENIED.**  The Court notes that Petitioner alleges that he has not received copies of documents in *Starling v. Myers*, 4:22-cv-00030-CDL-MSH (M.D. Ga. Feb. 2, 2022), the § 2254 action he has pending before this Court. Mot. Recons. 3, ECF No. 6.  If Petitioner requires copies of any documents filed in *Starling v. Myers* or seeks any other relief with respect to that case, he needs to file an appropriate motion in that case.

**SO ORDERED** this **19th** day of **July, 2022**.

                                            S/Clay D. Land
                                            CLAY D. LAND
                                            U.S. DISTRICT COURT JUDGE
                                            MIDDLE DISTRICT OF GEORGIA